# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TANISHA DIAMOND-SALES,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **DEL ONE FEDERAL CREDIT UNION,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Tanisha Diamond-Sales (hereinafter "Ms. Diamond-Sales" or "Plaintiff") is a resident of the State of Delaware residing at 225 Blaine Drive, Felton, Delaware 19943.

2. Del One Federal Credit Union (hereinafter "Del One" or "Defendant") is a tax-exempt Federal Credit Union chartered under the Federal Credit Union Act of the United States, National Credit Union Association charter number 13919, whose agent for service of process is their Legal Counsel, Mrs. Lori Savage, Esquire, 150 East Water Street, Dover, Delaware, 19901.

3. Del One is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"); 42 U.S.C. §1981; Americans With Disabilities Act, 42 U.S.C. §12101, et seq. (hereinafter "the ADA"); and the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), by 29 U.S.C. §2617(a)(2), 42 U.S.C. §12117(a), and by 28 U.S.C. §1343.

5. Plaintiff is African-American.

6. Other than Plaintiff, all of Del One's employees named in this Complaint are Caucasian or of Asian descent.

7. At all times relevant to this Complaint, Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2)(A), in that she had been employed by Defendant for at least 12 months, and at least 1,250 hours of service during the previous 12-month period, before she attempted to exercise her rights under FMLA.

8. At all times relevant to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. §12102(1). Specifically, she has had a physical impairment that substantially limits one or more major life activities, and/or she has had a record of such an impairment, and/or she has been regarded by Defendant as having such an impairment. Specifically, Plaintiff suffers from Ulcerative Colitis.

9. Despite Plaintiff's physical impairment, she was, at all times relevant to this Complaint, able to perform the essential functions of her job position with reasonable accommodation.

10. Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race, Defendant's discrimination against her on the basis of her disability, and by Defendant's interference with her rights under the FMLA, including retaliation.

11. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

12. Del One is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Del One.

13. Ms. Diamond-Sales timely submitted a complaint of discrimination on the basis of race and disability to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

14. Ms. Diamond-Sales has received Notice of Right to Sue for the above-referenced charge from the EEOC.

15. Ms. Diamond-Sales has timely filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

16. Ms. Diamond-Sales was hired by Del One on May 10, 2018 as a Teller. Ms. Diamond-Sales was a Virtual Remote Teller at the time of her discharge on September 18, 2019.

17. At all times relevant herein, Ms. Diamond-Sales was employed by Del One as a Virtual Remote Teller.

18. At all times relevant to this Complaint, Ms. Diamond-Sales was qualified for her job position and satisfactorily performed all job duties of her position.

19. Ms. Diamond-Sales was an exemplary employee during her tenure with Del One. Del One did not receive any customer complaints regarding the service being provided by Ms. Diamond-Sales.

20. In May 2019 Plaintiff was approved for intermittent FMLA leave to attend to her symptoms and necessary medical treatment related to Ulcerative Colitis disability.

21. Due to her painful and serious medical disability, Ms. Diamond-Sales needed to use the restroom often and utilized her approved FMLA leave as needed.

22. Despite her documented condition and approved FMLA status, Ms. Diamond-Sales was reprimanded several times for tardiness in arriving to work and

for taking too long to return from restroom breaks which were due to her Ulcerative Colitis disability.

23. During this same period, other Tellers and Virtual Remote Tellers, Hieu Munez, Brittany (last name unknown), and Kayla (last name unknown), employed by Del One, who were not African-American, were not disabled, or approved for FMLA leave, were frequently late, yet did not receive the same level of discipline as Ms. Diamond-Sales received.

24. In September 2019, Del One informed Ms. Diamond-Sales that she would need to recertify her FMLA leave.

25. On September 17, 2019, Ms. Diamond-Sales was informed that her submitted recertification paperwork was not specific enough concerning how long her doctor's appointments would take, and the frequency of her leaves.

26. That next day, September 18, 2019, Ms. Diamond-Sales resubmitted her FMLA recertification paperwork to Del One, with the additional specificity Defendant requested.

27. Later, that same day, Del One terminated Ms. Diamond-Sales' employment, claiming that after conducting an audit of her Virtual Remote Teller video transactions they found that she had said "Fuck" in front of a customer on September 4, 2019. When Ms. Diamond-Sales first asked to view the recording, she

was told that she could not. Then, she was told the recording was inaudible and that it could not help.

28. No customer complaint was ever made with Del One against Ms. Diamond-Sales for this alleged incident.

29. During Ms. Diamond-Sales's unemployment appeal hearing, Del One's Chief Human Resources Officer, Dan McCarthy, testified that he could not hear Ms. Diamond-Sales say the alleged profanity on the video recording, but rather could only hear "uk" being said. The video played during the hearing did not establish the use of profanity by Plaintiff. Plaintiff does not believe she used profanity while engaged with any of Defendant's customers.

30. None of the similarly situated non-African American employees had their customer interactions scrutinized so thoroughly after submitting FMLA leave documentation. Moreover, similarly situated non-African American employees were not reprimanded nor terminated for repeated tardiness or because they said something that one could have believed sounded close to a profanity.

31. The reasons proffered by Defendant for Plaintiff's termination were pretextual and intended to mask the true reason for Defendant's actions, i.e., discrimination against Plaintiff on the basis of her race and disability, and was in

clear violation of the protections afforded Plaintiff under the FMLA, Title VII, ADA, and 42 U.S.C. §1981.

32. The wrongful acts committed by Del One and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

33 Del One has wrongfully interfered with and retaliated against Plaintiff for exercising her rights under the FMLA and discriminated against Plaintiff on the basis of her race and disability, treating her differently from similarly situated non-African American and non-disabled employees.

34. As a direct result of the unlawful actions of Del One, Ms. Diamond-Sales has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

35. Ms. Diamond-Sales restates and hereby incorporates by reference paragraphs 1 through 34 hereinabove.

36. By committing the aforementioned acts, including terminating Plaintiff, Del One has discriminated against Plaintiff based on her race in violation of 42 U.S.C. §2000e, *et seq*.

37. As a direct result of the discriminatory conduct of Del One and its agents, Ms. Diamond-Sales suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Ms. Diamond-Sales demands judgment against Del One for:

(a) Back pay, including interest;

(b) Reinstatement, if feasible, or, in that alternative, front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees and costs and;

(g) Any other relief, whether legal or equitable, that the Court deems just and appropriate.

## COUNT II – 42 U.S.C. §1981

38. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 37 hereinabove.

39. By committing the aforementioned acts, including terminating Plaintiff, Defendant has discriminated against Plaintiff based on her race, in violation of 42 U.S.C. §1981.

40. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, for:

(a) Back pay, including interest;

(b) Reinstatement, if feasible, or in the alternative, front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees; and

(g) Any other relief whether legal or equitable, that this Court deems just and appropriate.

## COUNT III – ADA

41. Ms. Diamond-Sales hereby restates and incorporates by reference paragraphs 1 through 40 hereinabove.

42. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her disability in violation of the ADA.

43. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    (a)    Back pay, including interest;

    (b)    Reinstatement, if feasible, or in the alternative, front pay;

    (c)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (d)    Punitive damages;

    (e)    Pre-judgment and post-judgment interest;

    (f)    Attorney's fees and costs; and

    (g)    Any other relief that this Court deems just.

## **COUNT IV – FMLA**

44. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 43 hereinabove.

45. By terminating Plaintiff effective September 18, 2019, Defendant intentionally and willfully retaliated against Plaintiff for the exercise of her rights

under the FMLA and/or intentionally and willfully interfered with Plaintiff's rights under the FMLA, in violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*

46. As a direct result of the discriminatory interference and/or retaliatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) any and all damages provided pursuant to 29 U.S.C. §2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b) pre-judgment and post-judgment interest;

(c) attorney's fees and costs;

(d) Reinstatement, if feasible, or in the alternative, front pay; and

(e) any other relief, whether legal or equitable, that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: /s/ William D. Fletcher, Jr.
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. LOUDER, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 8/20/2021